UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

CIVIL ACTION NO._____

_____
ROBERT ESTRIDGE                                                      )
     Plaintiff                                                   )
v.                                                                   )
                                                                     )
THE CITY OF WARE,                                                    )
KYLE WHITCOMB, WARE POLICE DEPARTMENT OFFICER,                       )
(in his professional and individual capacity);                      )
CHRISTOPHER DESANTIS, WARE POLICE DEPARTMENT SERGEANT,               )
(in his professional and individual capacity);                      )
DEREK DESUISSEAUX, HARDWICK POLICE DEPARTMENT OFFICER,               )
(in his professional and individual capacity);                      )
BRIAN D'AMICO, MASSACHUSETTS STATE POLICE TROOPER,                   )
(in his professional and individual capacity);                      )
JODY GREENE, MASSACHUSETTS STATE POLICE TROOPER,                     )
(in his professional and individual capacity);                      )
PEDRO MONTEIRO, MASSACHUSETTS STATE POLICE TROOPER                   )
(in his professional and individual capacity);                      )
_____

## **COMPLAINT**

### **THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

### INTRODUCTION

This is civil rights action filed on behalf of the plaintiff, ROBERT ESTRIDGE whose rights

under the Fourth and Fourteenth Amendments and under common law were violated on April 30,

2017 when officers from the Ware Police Department, the Hardwick Police Department and the

Massachusetts State Police entered his personal property without a warrant and without

justification and placed him under arrest without probable cause of criminal activity.  The action

of these police officers and police troopers caused injury to ESTRIDGE.

1

## PARTIES

1.     The plaintiff, Robert Estridge (hereinafter ESTRIDGE) is a natural person currently

residing in Florida. At all relevant times ESTRIDGE was residing at 222 Belchertown

Road, Apartment C, Ware, Massachusetts.

2.     The defendant, The Town of Ware, Massachusetts, is a municipal corporation with a

principal place of business located Ware Municipal Building, 126 Main Street, Ware,

Massachusetts 01082.  The Ware Police Department is a subdivision of the Town of

Ware;

3.     The defendant, Kyle Whitcomb (hereinafter WHITCOMB) is now and was at all relevant

times a police officer employed by the Town of Ware, Massachusetts' police department;

4.     The defendant, Christopher DeSantis (hereinafter DESANTIS) is now and was at all

relevant times a police officer (with a rank of sergeant) employed by the Town of Ware,

Massachusetts' police department;

5.     The defendant, Derek Desruisseaux (hereinafter DESRUISSEAUX) is now a police

officer employed by the Sutton, Massachusetts police department and was at all relevant

times employed as a police officer for the Town of Hardwick, Massachusetts' police

department;

6.     The defendant, Brian D'Amico (hereinafter D'AMICO) is now a was at all relevant times

a Massachusetts State Trooper employed by the Massachusetts State Police which has a

headquarters located at 470 Worcester Road, Framingham, Massachusetts;

7.     The defendant, Jody Greene (hereinafter GREENE) is now a was at all relevant times a

Massachusetts State Trooper employed by the Massachusetts State Police which has a

2

headquarters located at 470 Worcester Road, Framingham, Massachusetts;

8.      The defendant, PEDRO MONTEIRO (hereinafter MONTEIRO) is now a was at all

relevant times a Massachusetts State Trooper employed by the Massachusetts State

Police which has a headquarters located at 470 Worcester Road, Framingham,

Massachusetts;

## JURISDICTION

9.      The plaintiff is a citizen of Florida.  At all relevant times, the plaintiff was a resident of

Ware, Massachusetts.

10.     Upon reason and belief, all of the Defendants are citizens of Massachusetts;

11.     The incident giving rise to this claim took place in Ware, Massachusetts;

12.     The jurisdiction of the Court is invoked pursuant to federal law and the Fourth and

Fourteenth Amendments to the United States Constitution;

13.     The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over the

state claims alleged herein because they are so related to the federal claims that they form

part of the same cause or controversy.;

14.     Venue is proper in this district pursuant to 28 U.S.C. §1391 because all of the material

acts and injuries alleged herein occurred within the Western Division of the District of

Massachusetts. Such acts include practices and conduct violative of the Fourth and

Fourteenth Amendments to the United States Constitution. In addition, venue is proper in

this district pursuant to 28 U.S.C §1391 because, upon information and belief, most of the

defendants' residence and/or  principal place of business are located in this judicial

district.

3

15. The amount in controversy, without interest and costs, is more than Seventy Five Thousand ($75,000.00);

## STATEMENT OF FACTS

16. On April 30, 2017 at 1:15 am the Ware Police Department received an anonymous tip alleging a noise compliant and advising of possible under-age drinking at 222 Belchertown Road, Ware Massachusetts;

17. Based solely on this anonymous tip, WHITCOMB and DESANTIS were dispatched to 222 Belchertown Road, Ware Massachusetts;

18. The property at 222 Belchertown Road in Ware, Massachusetts was private property under the control of the plaintiff ESTRIDGE who was a tenant residing at the property;

19. Upon arrival WHITCOMB and DESANTIS could hear loud music and observed numerous motor vehicles lining the private driveway;

20. Without a warrant to search the property, WHITCOMB and DESANTIS began walking up the driveway toward the private home;

21. ESTRIDGE appeared in the driveway and informed WHITCOMB and DESANTIS that he resided at the house.

22. ESTRIDGE informed WHOTCOMB and DESANTIS that police officers were not welcome at the house and that if they wanted to enter the property they would "need to go get a warrant;"

23. ESTRIDGE returned up the driveway and entered the residence;

24. WHITCOMB and DESANTES did not leave the property;

25. Neither WHITCOMB nor DESANTES applied for nor secured a search warrant for the

4

property;

26.     Rather than leaving and securing a search warrant, WHITCOMB and DESANTES called

        for back up officers requesting other officers to respond from West Brookfield,

        Massachusetts; Hardwick, Massachusetts; Massachusetts State Police (C-7, Belchertown

        Barracks);  Warren, Massachusetts and Belchertown, Massachusetts;

27.     WHITCOMB and DESANTIS once again began moving further down the driveway onto

        the ESTRIDGE property getting closer to the back yard of the residence;

28.     ESTRIDGE came back out and again informed WHITCOMB and DESANTIS, "I don't

        want you guys here and you need to leave;"

29.     WHITCOMB and DESANTIS refused to leave and told ESTRIDGE that they planned on

        staying and investigating the anonymous tip of underage drinking;

30.     ESTRIDGE again told WHITCOMB and DESANTIS that he wanted them to leave his

        property. ESTRIDGE was upset and waived his hands at the officers and used expletives

        and obscenities when addressing the officers and telling them to leave his property;

31.     WHITCOMB and DESNATES threatened ESTRIDGE that if he did not consent to a

        search of the property, he would be placed under arrest for disorderly conduct;

32.     ESTRIDGE refused to give officers WHITCOMB and DESANTIS permission to search

        or stay on the property;

33.     WHITCOMB and DESANTES placed ESTERDIGE under arrest for disorderly conduct

        without having probable cause to do so;

34.     WHITCOMB and DESANTES placed handcuffs on ESTRIGDE;

35.     WHITCOMB and DESANTES physical escorted ESTRIDGE to the rear of their police

5

cruiser;

36.   WHITCOMB and DESANTES physically placed ESTRIDGE in the cruiser to transport his to the Ware police station;

37.   At no time did ESTRIDGE use any physical force against officers WHITCOMB and DESANTES while he was being handcuffed, arrested, escorted to and placed in the police cruiser:

38.   At or about the time that ESTRIDGE was secured in the police cruiser other law enforcement officers came to assist and provide back-up;

39.   Massachusetts State Troopers D'AMICO, GREENE and MONTEIRO along with Hardwick Police Officer DESRUISSEAUX all arrived and all entered ESTRIDGE's private property without a warrant and without probable cause of a crime;

40.   Massachusetts State Police Troopers D'AMICO, GREENE and MONTEIRO along with Hardwick Police Officer DESRUISSEAUX rounded up and arrested several of the guests that they located on the ESTRIDGE property;

41.   ESTRIDGE was transported to the Ware Police Department where he was booked and charged with one count of disorderly conduct and one count of resisting arrest;

42.   On May 1, 2020, ESTRIDGE was arraigned in the Eastern Hampshire District Court and formally charged with one count of disorderly conduct and one count of resisting arrest;

43.   ESTRIDGE entered a not guilty plea on both counts;

44.   Despite being aware that there was no probable cause to support the charges against ESTRIDGE, the police officers WITCOMB, DESANTIS and D'AMICO trough, their police reports, statements and actions encouraged the Northwestern District Attorney's

Office to pursue the prosecution of this matter;

45.   On February 6, 2020, the Northwestern District Attorney's Office filed a List of Witnesses. The District Attorney's Office reported that they expected WHITCOMB, DESANTIS and Massachusetts State Trooper D'AMICO to testify and provide evidence against ESTRIDGE;

46.   Based upon this witnesses list, ESTRIDGE understood that WHITCOMB, DESANTIS and D'AMICO stood by ready to intentionally and maliciously provide false testimony against him in furtherance of this unjust and sham prosecution;

47.   On November 16, 2017, ESTRIDGE filed a motion to dismiss both counts based upon a lack of probable cause to support the charges;

48.   On February 8, 2018, the court (the Honorable Judge Robert T. Santaniello) conducted a hearing regarding ESTRIDGE's Motion to Dismiss both counts;

49.   On February 8, 2018, the court (the Honorable Judge Robert T. Santaniello) allowed the ESTRIDGE Motion to Dismiss finding a lack of probable cause to support the charges;

50.   All of the above-described acts were done by all of the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or in reckless disregard for ESTRIDGE'S federally protected rights, and were done pursuant to the preexisting and on-going deliberately indifferent official custom, practice, decision, policy, training and supervision of the governmental Defendant, the Town of Ware;

51.   With deliberate indifference to the rights of citizens to be free from unjustified warrantless searches and wrongful arrest by the police, the Defendant, the Town of Ware, has ongoingly encouraged, tolerated, ratified, and acquiesced to an environment of police

7

misconduct by (a) failing to conduct sufficient training or supervision with respect to the constitutional limitations on police authority to search and arrest; (b) by failing to punish unconstitutional acts of police officers; (c) by tolerating the use of unconstitutional acts of police officers; (d) by ongoingly failing to properly and neutrally investigate citizen complaints of unconstitutional acts by police officers; and (e) by tolerating, encouraging and permitting collusive statements by involved police officers in such situations;

52. It is the longstanding, widespread, deliberately indifferent custom, habit, practice and/or policy of the municipal defendant, the Town of Ware to permit police officers to make illegal entry upon private property and to make arrests without probable cause, as well as to fail to supervise and to train officers in the appropriate constitutional limits in effecting searches, seizures and arrests, knowing that these members of the Ware police department law were routinely engaged in such unconstitutional conduct;

53. On February 16, 2019 ESTRIDGE served the defendant TOWN OF WARE with a letter of presentment pursuant to the Massachusetts Tort Claims Act [Massachusetts General Laws Chapter 258, Section 4]. The letter was received by the Ware Town Manager, the Ware Town Clerk and the Chairman of the Ware Board of Selectmen;

54. The Town of Ware responded to the presentment letter though it's insurance agent, MIIA but made no offer to the demand contained in the presentment letter;

55. As a direct and proximate result of the wrongful conduct of each of the Defendants individually and in concert, ESTRIDGE has been substantially injured. These injuries include, but are not limited to, loss of constitutional rights, state rights and federal rights, loss of his residence, loss of his employment, great emotional distress and mental

8

suffering  caused by the unconstitutional and moving forces of all of the Defendants;

55.    ESTRIDGE'S  injuries were directly and proximately caused by the actions and

omissions of all the Defendants;

## CLAIMS FOR RELIEF

### COUNT I
### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 USC §1983 – FOURTH AMNEDMENT VIOLATION
### ILLEGAL ENTRY ONTO THE PLAINTIFF'S PROPERY
### AGAINST
### WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTEIRO

56.    ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if

fully set forth herein;

57.    42 U.S.C. §1983 provides:

> Every person, who under color of law of any statute, ordinance,
> regulation, custom or usage of any state or territory or the District
> of Columbia subjects or causes to be subjected any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action
> at law, suit in equity or other appropriate proceeding for redress ....

58.    ESTRIDGE is a citizen of the United States;

59.    WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO

are persons for purposes of 42 U.S.C. §1983;

60.    WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO

at all times relevant hereto, were acting under color of state law in their capacity as Police

Officers and State Troopers and their acts and omissions were conducted within their

official duties and employment;

61.   At the time of the complained events, ESTRIDGE had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his personal property from illegal entry without a warrant or without an exception to the warrant requirement;

62.   Any reasonable police officer or state trooper would know or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

63.   The Defendants, WHITCOMB's, DESANTIS', DESUISSEAUX's, D'AMICO's, GREENE's and MONTERIRO's entry upon ESTROIDGE'S property described herein, were intentional, malicious and/or involved reckless, callous, and deliberate indifference to ESTRIDGE'S federally protected rights;

64.   This illegal entry by WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO shocks the conscience and violated the Fourth and Fourteenth Amendment rights of ESTRIDGE;

65.   The Defendants, WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO acted in concert and joint action with each other to violate ESTRIDGE'S Fourth and Fourteenth Amendment rights;

66.   The acts or omissions of WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREEN and MONTERIRO described herein intentionally deprived ESTRIDGE of his constitutional rights and statutory rights and caused him injury and damages;

67.   The Defendants, WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO are not entitled to qualified immunity for the complained of conduct;

68.   As a proximate result of WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTERIRO's unlawful conduct, ESTRIDGE has suffered actual physical

10

and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

**COUNT II**
**SECOND CLAIM FOR RELIEF**
**VIOLATION OF 42 USC §1983 – FOURTH AMNEDMENT VIOLATION**
**ILLEGAL ARREST OF THE DEFENDANT**
**AGAINST**
**WHITCOMB and DESANTIS**

69.    ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

70.    42 U.S.C. §1983 provides:

> Every person, who under color of law of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress ....

71.    ESTRIDGE is a citizen of the United States;

72.    WHITCOMB and DESANTIS are persons for purposes of 42 U.S.C. §1983;

73.    WHITCOMB and DESANTIS at all times relevant hereto, were acting under color of state law in their capacity as Police Officers and their acts and omissions were conducted within their official duties and employment;

74.    At the time of the complained events, ESTRIDGE had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person from

11

wrongful arrests made without probable cause;

75.    Any reasonable police officer would know or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

76.    The Defendants, WHITCOMB's and DESANTIS' arrest of ESTRIDGE described herein, was intentional, malicious and/or involved reckless, callous, and deliberate indifference to ESTRIDGE'S federally protected rights;

77.    This illegal arrest made without probable cause  by WHITCOMB and DESANTIS shocks the conscience and violated the Fourth and Fourteenth Amendment rights of ESTRIDGE;

78.    The Defendants, WHITCOMB and DESANTIS, acted in concert and joint action with each other to violate ESTRIDGE'S Fourth and Fourteenth Amendment rights;

79.    The acts or omissions of WHITCOMB and DESANTIS described herein intentionally deprived ESTRIDGE of his constitutional rights and statutory rights and caused him injury and damages;

80.    The Defendants, WHITCOMB and DESANTIS are not entitled to qualified immunity for the complained of conduct;

81.    As a proximate result of WHITCOMB and DESANTIS unlawful conduct, ESTRIDGE has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages, economic damages, medical expenses, lost wages, lost future income, special damages, punitive damages and attorney's fees and costs, in amounts to be determined at trial.

**COUNT III**
**THIRD CLAIM FOR RELIEF**
**VIOLATION OF STATE CIVIL RIGHTS STATUTE**
**THROUGH USE OF THREATS, COERCION and INTIMIDATION**
**(M.G.L. c. 12, §§ 11H and 11I)**
**AGAINST**
**WHITCOMB and DESANTIS**

82.   ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

83.   The Defendants, WHITCOMB and DESANTIS interfered with or attempted to interfere with ESTRIDGE'S exercise and enjoyment of his rights secured by the Constitution or laws of either the United States or of the Commonwealth of Massachusetts by the defendants use of threats, intimidation and/or coercion against ESTRIDGE;

84.   The Defendants, WHITCOMB'S and DESANTIS'S use of threats, intimidation and coercion interfered with ESTRIDGE'S right to (a) be secure in his private property from an unreasonable and warrantless search and (b) to be free from an unreasonable deprivation of his liberty;

85.   WHITCOMB and DESANTIS used threats, coercion and intimidation to try to force ESTRIDGE to permit them to conduct an illegal search of his property without his consent when they threatened to place him under arrest if he did not give such consent;

86.   WHITCOMB and DESANTIS, at all times relevant hereto, were acting under color of state law in their capacity as Ware Police Officers and their acts and omissions were conducted within their official duties and employment;

13

87.    At the time of the complained events, ESTRIDGE had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be secure in his person and property from the warrantless and unreasonable search of his property and the unreasonable and unjustified arrest of his person;

88.    Any reasonable police officer would know or should have known of these rights at the time of the complained of conduct as they were clearly established at the time;

89.    The Defendants, WHITCOMB and DESANTIS actions described herein amounted to threats, coercion and intimidation;

90.    WHTCOMB's and DESANTIS' actions were malicious and/or involved reckless, callous, and deliberate indifference to ESTRIDGE'S state and federal protected right

91.    The actions taken by WHITCOMB and DESANTI shock the conscience and violated the state and federal constitutional  rights of ESTRIDGE;

92.    ESTRIDGE suffered injury based upon the acts and omissions of WHITCOMB and DESANTIS;

93.    The acts and omissions of WHITCOMB and DESANTES were the direct and proximate cause of the injuries suffered and the damages incurred by ESTRIDGE;

94.    WHITCOMB and DESANTIS acted in concert and joint action with each other to deprive ESTRIDGE of his state and federal protected rights;

95.    The acts or omissions of WHITCOMB and DESANTIS described herein intentionally deprived ESTRIDGE of his state and federal constitutional rights and his state and federal statutory rights and caused him injury and damages;

96.    WHITCOMB and DESANTIS are not entitled to qualified immunity for the complained

14

of conduct;

97.    As a proximate result of WHITCOMB and DESANTIS unlawful conduct in violation of

the Massachusetts State Civil Rights Act, ESTRIDGE has suffered actual physical and

emotional injuries, and other damages and losses as described herein entitling him to

compensatory damages, economic damages, medical expenses, lost wages, lost future

income, special damages, punitive damages and attorney's fees and costs,  in amounts to

be determined at trial.

**COUNT IV**
**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF 42 USC §1983**
**DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS,**
**TRAINING and SUPERVISION IN VIOLATION OF THE**
**FOURTH AND FOURTEENTH AMENDMENTS**
**AGAINST**
**THE TOWN OF WARE**

98.    ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if

fully set forth herein;

99.    42 U.S.C. §1983 provides:

> Every person, who under color of law of any statute, ordinance,
> regulation, custom or usage of any state or territory or the District
> of Columbia subjects or causes to be subjected any citizen of the
> United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges or immunities secured by the
> constitution and law shall be liable to the party injured in an action
> at law, suit in equity or other appropriate proceeding for redress ....

100.    ESTRIDGE is a citizen of the United States;

101.    The Defendant, The Town of Ware, Massachusetts based upon the actions of it

subdivision the Ware Police Department is a person for purposes of 42 U.S.C. §1983;

15

102.   The Defendant, the Town of Ware at all times relevant hereto was acting under color of state law;

103.   ESTRIDGE had the following clearly established rights at the time of the complained of conduct: (a) the right to be secure in his person property from warrantless and unreasonable searches under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983; and (b) the right to be secure in his liberty from arrests made without a warrant or without probable cause under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983;

104.   The Defendant, the Town of Ware, Massachusetts knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time;

105.   The Defendants, WHITCOMB and DESANTIS at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, widespread habit, usage or practice in their actions pertaining to ESTRIDGE;

106.   The acts and omissions of the defendant, the Town of Ware, Massachusetts as described herein intentionally deprived ESTRIDGE of his constitutional and statutory rights and caused him damages;

107.   The defendant, the Town of Ware, Massachusetts is not entitled to qualified immunity for the complained of conduct;

108.   The defendant, the Town of Ware, Massachusetts developed and maintained policies and procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately

16

caused the violations of ESTRIDGE'S constitutional and federal rights as set forth herein and other claims, resulted from a conscious or deliberate choice to follow a course of action from various available alternatives;

109.   The defendant, the Town of Ware has created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of ESTRIDGE and the public in general;

110.   In light of the duties and responsibilities of those police officers that participate in searches of private property and arrests on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights;

111.   The deliberate indifferent training and supervision provided by the defendant, the Town of Ware, Massachusetts resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to the defendant, the Town of Ware, and were moving forces in the constitutional and federal violation injuries complained of by ESTRIDGE;

112.   As a direct and proximate result of the defendant's, the Town of Ware, Massachusetts unlawful conduct, ESTRIDGE suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special

17

damages, in amounts to be determined at trial. As a further result of the defendant's
unlawful conduct ESTRIDGE has incurred special damages, including medically related
expenses or other special damages, in amounts to be determined at trial;

113.   TAYLOR seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. §1983
to redress the defendant's, the Town of Ware, Massachusetts above described ongoing
deliberate indifference in policies, practices, habits customs, usages, training and
supervision with respect to the rights described herein, which these defendants have no
intention for voluntarily correcting despite obvious need and requests for such correction.

**COUNT V**
**FIFTH CLAIM FOR RELIEF**
**STATE COMMON LAW CALIM**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST**
**WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and MONTEIRO**
**in their individual capacity only**

114.   ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if
fully set forth herein;

115.   In their individual capacity, the defendants WHITCOMB, DESANTIS, DESUISSEAUX,
D'AMICO, GREENE and MONTEIRO owed ESTRIDGE a duty of care;

116.   In their individual capacity, the defendants, WHITCOMB, DESANTIS,
DESUISSEAUX, D'AMICO, GREENE and MONTEIRO through their actions intended
to inflict emotional distress upon ESTRIDGE or they should have known that their
actions were likely to result in the infliction of emotional distress;

117.   The conduct of WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and
MONTEIRO was extreme and outrageous and beyond all possible bounds of decency in

18

a civilized community;

118.   ESTRIDGE suffered emotional distress;

119.   The emotional distress sustained by ESTRIDGE was severe and was of a nature that no

reasonable person could be expected to endure such distress;

120.   The actions of WHITCOMB, DESANTIS, DESUISSEAUX, D'AMICO, GREENE and

MONTEIRO were the direct and proximate cause of ESTRIDGE'S distress;

**COUNT VI**
**SIXTH CLAIM FOR RELIEF**
**STATE COMMON LAW CLAIM**
**ASSAULT AND BATTERY**
**AGAINST**
**WHITCOMB and DESANTIS**
**in their individual capacity only**

121.   ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if

fully set forth herein;

122.   The defendants, WHITCOMB and DESANTIS, in their individual capacity intentionally

touched the person of ESTRIDGE;

123.   ESTRIDGE did not consent to WHITCOMB and DESANTIS touching of his person;

124.   WHITCOMB and DESANTES did not have a justification or excuse to touch

ESTRIDGE as any arrest was wrongful and was not premised upon probable cause;

125.   ESTRIDGE suffered physical and emotional pain and suffering as a proximate result of

the WHITCOMB's and DESANTIS' touching of his person;

126.   ESTRIDGE suffered economic damages as a proximate result of WHITCOMB's and

DESANTIS' touching his person, including but not limited to psychological treatment

expenses, lost wages and loss of housing;

19

<u>COUNT VII</u>
**SEVENTH CLAIM FOR RELIEF**
**STATE COMMON LAW CLAIM**
**MALICIOUS PROSECUTION**
**AGAINST**
**WHITCOMB, DESANTIS and D'AMICO**
**in their individual capacity only**

127.   ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

128.   WHITCOMB, DESANTIS and D'AMICO in their individual capacity acted individually and in concert with each other to maliciously prosecute ESTRIDGE in the Eastern Hampshire District Court in Belchertown, Massachusetts;

129.   By their reports, comments, input, testimony and cooperation with the district attorney's office, the defendants WHITCOMB, DESANTIS and D'AMICO in their individual capacity did individually and in concert with each other commence a criminal prosecution against ESTRIDGE;

130.   By their involvement and cooperation with the Northwestern District Attorney's Office including making themselves available to testify at a trial against ESTRIDGE, the defendants, WHITCOMB, DESANTIS and D'AMICO in their individual capacity did engage in the prosecution of ESTRIDGE;

131.   The actions of the defendants WHITCOMB, DESANTIS and D'AMICO individually and jointly, were done maliciously;

132.   The prosecution of ESTRIDGE was commenced and litigated without probable cause;

133.   On November 16, 2017, ESTRIDGE filed a Motion to Dismiss asserting that there was no probable cause to support any of the charges;

20

134.    On February 6, 2028, the Northwestern District Attorney's Office filed a List of Witnesses whom they intended to call at trial. The list included WHITCOMB, DESANTIS and D'AMICO;

134.    On February 8, 2018, the Eastern Hampshire District Court (J. Santaneillo) heard ESTRIDGE'S Motion to Dismiss;

135.    On February 8, 2018, the Eastern Hampshire District Court (J. Santaneillo) allowed ESTRIDGE'S Motion to Dismiss. All of the charges were dismissed resulting in a favorable disposition for ESTRIDGE;

136.    The defendants, WHITCOMB'S, DESANTIS' and D'AMICO'S joint and individual actions resulted in ESTRIDGE suffering damages including physical pain and suffering and emotional pain and suffering, embarrassment, ridicule, homelessness, loss or employment and emotional distress;

**COUNT VIII**
**EIGHTH CLAIM FOR RELIEF**
**STATE COMMON LAW CLAIM**
**CIVIL CONSPIRACY**
**AGAINST**
**WITCOMB, DESANTIS and D'AMICO**
**in their individual capacity only**

137.    ESTRIDGE hereby incorporates all of the proceeding paragraphs of this Compliant as if fully set forth herein;

138.    The defendants WHITCOMB, DESANTIS and D'AMICO in their individual capacity acted in concert with each other to accomplish the unlawful purpose of falsely and maliciously prosecuting ESTRIDGE in an effort to cover-up their own illegal assault and battery, wrongful arrest and their violation of ESTRIDGE'S civil rights;

21

139.    The defendants WHITCOMB, DESANTIS and D'AMICO in their individual capacity by their reports, comments, input, testimony and cooperation with each other and this the Northwestern District Attorney's Office utilized their administrative power over ESTRIDGE to cause ESTRIDGE damage and harm;

140.    In their individual capacity, the defendants WHITCOMB'S, DESANTIS' and D'AMICO'S joint action in furthering the wrongful prosecution of the plaintiff ESTRIDGE resulted in ESTRIDGE suffering damages including physical pain and suffering and emotional pain and suffering, embarrassment, ridicule, and emotional distress;

141.    The civil conspiracy to maliciously prosecute ESTRIDGE that was commenced and furthered between the defendants WHITCOMB, DESANTIS and D'AMICO terminated on February 8, 2018 when all charges were dismissed upon a finding that there was no probable cause to justify the arrest or the charges

**PRAYER FOR RELIEF**

The Plaintiff requests judgment against the Defendants,

    A.    In an amount to be determined by the jury for compensatory damages, including but not limited to:

        i.      Financial losses;
        ii.     Immediate Discomfort;
        iii.    Emotional pain and suffering and emotional distress;
        iv.    Humiliation and Embarrassment
        v.      Inconvenience, annoyance and alarm;
        vi.    Medical Mental Health Treatment Expenses;
        vii.   Costs associated with homelessness
        viii.  Lost Wages;
        ix.    Lost Earning Potential;

    B.    In an amount to be determined by the jury for punitive damages;

22

C.  Awarding the plaintiff the costs associated with this action;

D.  Awarding the plaintiffs their reasonable attorney fees;

E.  Granting the plaintiff such other and further relief as the court deems just and proper;

F.  **THE PLAINTIFF DEMANDS A <u>JURY TRIAL</u> ON ALL COUNTS.**


                                                 Respectfully submitted,
                                                 ROBERT ESTRIDGE, the plaintiff
                                                 by the plaintiff's attorney

April 21, 2020                   /s/ <u>*Alfred P. Chamberland*</u>
                                                 Alfred P. Chamberland
                                                 BBO # 564151
     5 Arthur Street
     PO Box 217
     Easthampton, MA 01027
     Telephone (413) 529 0404
     Fax: (413) 529-0347
     Cell Phone: (413) 210-6579
     E-mail: attorney.chamberland@gmail.com

23